PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorney for Plaintiff:
ELBERT MADISON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ELBERT MADISON,

     Plaintiff,

v.

ACAPULCO RESTAURANTS, INC.;
AAC FUNDING IV, LLC;
MANUFACTURER'S LIFE
INSURANCE CO. USA; DOES 1
through 25, Inclusive,

     Defendants.

_____/

CASE NO. C04-2440 PVT
Civil Rights

**[PROPOSED] DECREE AND ORDER**

**CONSENT DECREE AND ORDER**

    1.    Plaintiff ELBERT MADISON ("Plaintiff") contends that he filed this action to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, ACAPULCO RESTAURANTS, INC.; AAC FUNDING IV, LLC; MANUFACTURER'S LIFE INSURANCE CO. USA; and DOES 1-25, Inclusive, ("Defendants"). Plaintiff has alleged that Defendants violated Title III of the ADA and sections 54.1 and 55 of the California

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-2440 PVT       — 1 —

S:\PBA\Acapulco-Santa Clara\Pleading\Consent Decree -Final.doc

1  Civil Code, and sections 19955 *et seq.,* of the California

2  Health and Safety Code by failing to provide full and equal

3  access to their public restaurant facilities at the ACAPULCO

4  RESTAURANT in Santa Clara, California ("the Property") where

5  plaintiff contends he was invited to attend a business lunch on

6  December 11, 2003.

7       2.    Defendants ACAPULCO RESTAURANTS, INC.; AAC FUNDING

8  IV, LLC; and THE MANUFACTURER'S LIFE INSURANCE COMPANY deny

9  these allegations and by entering into this Consent Decree and

10  Order do not admit liability to the allegations in Plaintiff's

11  Complaint filed in this action.  The parties hereby enter into

12  this Consent Decree and Order for the purpose of resolving this

13  lawsuit without the need for protracted litigation, and without

14  the admission of any liability.

15

16  **JURISDICTION:**

17       3.    The parties to this consent decree agree that the

18  Court has jurisdiction of this matter pursuant to 28 USC §1331

19  for alleged violations of the Americans with Disabilities Act

20  of 1990, 42 USC 12101 *et seq.* and pursuant to pendant

21  jurisdiction for violations of California Health & Safety Code

22  §19955 *et seq.,* including §19959; Title 24 California Code of

23  Regulations; and California Civil Code §§54; 54.1; §54.3; and

24  55.

25       4.    In order to avoid the costs, expense, and uncertainty

26  of protracted litigation, the parties to this consent decree

27  agree to entry of this Order to resolve all claims raised in

28  the First Amended Complaint filed with this Court on January

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-2440 PVT                — 2 —

S:\PR\Acapulco-Santa Clara\Pleading\Consent Decree - Final.doc

1  12, 2005.  Accordingly, they agree to the entry of this Order

2  without trial or further adjudication of any issues of fact or

3  law concerning plaintiff's claims.

4          WHEREFORE, the parties to this consent decree hereby

5  agree and stipulate to the Court's entry of this Consent Order,

6  which provides as follows:

7

8  **SETTLEMENT OF INJUNCTIVE RELIEF**:

9      5.  This Order shall be a full, complete, and final

10  disposition and settlement of Plaintiff's claims against

11  Defendants that have arisen out of the subject Complaint.  The

12  parties agree that there has been no admission or finding of

13  liability or violation of the ADA and/or California civil

14  rights laws.

15      6.   The parties agree and stipulate that the corrective

16  work will be performed in compliance with the standards and

17  specifications for disabled access as set forth in the

18  California Code of Regulations, Title 24-2 and Americans with

19  Disabilities Act Accessibility Guidelines, unless other

20  standards are specifically agreed to in this Consent and Order:

21      a)   Remedial Measures: The injunctive relief agreed upon

22  by the Parties is attached as **Attachment A** to this Consent

23  Decree, and is incorporated herein by reference as if fully set

24  forth in this document.  Defendants agree to undertake the

25  injunctive relief on the terms as set forth in **Attachment A**.

26

27  **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

28      7.   The parties have reached an agreement regarding

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-2440 PVT                — 3 —                S:\PBA\Acupulco-Santa Clara\Pleading\Consent Decree - Final.doc

1  plaintiffs' claims for statutory, actual, and personal injury
2  damages in this matter, as well as plaintiff's claims for
3  attorney fees, litigation expenses and costs.  Defendants will
4  pay plaintiff's statutory, actual, and personal injury damages
5  and his attorney fees, litigation expenses and costs in the
6  amount of $97,500 as full and final resolution of plaintiff's
7  claims for all damages, attorney fees, litigation expenses and
8  costs prayed for in his Complaint.  Payment shall be made in
9  the form of a check made to "Paul L. Rein in Trust for Elbert
10 Madison" no later than June 30, 2005.  A dismissal of the
11 action with prejudice will be filed within 14 days of receipt
12 of payment or the entry of this Order by the Court, whichever
13 occurs later.
14
15 **ENTIRE CONSENT ORDER:**
16      8.    This Consent Order, and any appendices attached,
17 constitutes the entire agreement between the parties on the
18 matters of injunctive relief, damages, attorneys fees,
19 litigation expenses and costs, and no other statement, promise,
20 or agreement, either written or oral, made by any of the
21 parties or agents of any of the parties, that is not contained
22 in this written Consent Order, shall be enforceable regarding
23 the matters described herein.
24
25 **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**
26      9.    This Consent Order shall be binding on Plaintiff
27 ELBERT MADISON, Defendants, ACAPULCO RESTAURANTS, INC.; AAC
28 FUNDING IV, LLC; THE MANUFACTURER'S LIFE INSURANCE COMPANY; and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-2440 PVT                    — 4 —                    S:\PR\Acapulco-Santa Clara\Pending\Consent Decree (Final).doc

1   any successors in interest.  The parties have a duty to so

2   notify all such successors in interest of the existence and

3   terms of this Consent Order during the period of the Court's

4   jurisdiction of this consent decree.

5

6   **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

7       10.  Except for all obligations required in this Consent

8   Decree, Plaintiff, on the one hand, and Defendants, on the

9   other hand, and on behalf of each, their respective agents,

10  representatives, predecessors, successors, heirs, partners and

11  assigns, releases and forever discharges each other opposing

12  party as titled in this action, and all officers, directors,

13  shareholders, subsidiaries, joint venturers, stockholders,

14  partners, parent companies, employees, agents, attorneys,

15  insurance carriers, heirs, predecessors, and representatives of

16  each other opposing Party, from all claims, demands, actions,

17  and causes of action of whatever kind or nature, presently

18  known or unknown, arising out of or in any way connected with

19  the Lawsuit which may exist as between Plaintiff, on the one

20  hand, and Defendants on the other hand.

21      11.  Each of the parties to this Consent Decree

22  understands and agrees that there is a risk and possibility

23  that, subsequent to the execution of this Consent Decree, any

24  or all of them will incur, suffer, or experience some further

25  loss or damage with respect to the Lawsuit which are unknown or

26  unanticipated at the time this Consent Decree is signed.

27  Except for all obligations required in this Consent Decree, the

28  parties intend that this Consent Decree apply to all such

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-2440 PVT                    — 5 —                    S:\PB:A\Acapulco-Santa Clara\Pleading\Consent Decree -Final.doc

1   further loss related to the Lawsuit, except those caused by the
2   parties subsequent to the execution of this Consent Decree.
3   Therefore, except for all obligations required in this Consent
4   Decree, this Consent Decree shall apply to and cover any and
5   all claims, demands, actions and causes of action as between
6   Plaintiff, on the one hand, and Defendants on the other hand,
7   related to the Lawsuit, whether the same are known, unknown or
8   hereafter discovered or ascertained, and the provisions of
9   Section 1542 of the California Civil Code are hereby expressly
10  waived.  Section 1542 provides as follows:
11      A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
12      CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT
13      THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
14      MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
15      DEBTOR.
16
17  **TERM OF THE CONSENT ORDER**:
18      12.   This Consent Order shall be in full force and effect
19  for a period of six (6) months after the date of entry of this
20  Consent Order, or until such time as the injunctive relief
21  contemplated by the this order is completed.  The Court shall
22  retain jurisdiction of this action to enforce provisions of
23  this Order for six (6) months after the date of this Consent
24  Decree, or until the injunctive relief contemplated by this
25  Order is completed, whichever occurs later.
26
27
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-2440 PVT                    — 6 —

S:\PIR\A\Acapulco-State Claim\Pleading\Consent Decree--Final.doc

1

**SEVERABILITY:**

2      13.   If any term of this Consent Decree and Order is

3 determined by any court to be unenforceable, the other terms of

4 this Consent Decree and Order shall nonetheless remain in full

5 force and effect.

6

7

**SIGNATORIES BIND PARTIES:**

8      14.   Signatories on the behalf of the parties represent

9 that they are authorized to bind the parties to this Consent

10 Decree and Order.

11

12

13 Dated: _June 30_ , 2005

14                                ELBERT MADISON

15

16 Dated: _____, 2005

17

18                                ACAPULCO RESTAURANTS, INC.

19 Dated: _____, 2005

20

21                                AAC FUNDING IV, LLC

22 Dated: _____, 2005

23

24                                THE MANUFACTURER'S LIFE INSURANCE
                                 COMPANY

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-2440 PVT                    – 7 –                    S:\PB-A\Acapulco-Sean Clark\Pleading\Consent Decree -Final.doc

1   __SEVERABILITY:__

2      13.  If any term of this Consent Decree and Order is

3   determined by any court to be unenforceable, the other terms of

4   this Consent Decree and Order shall nonetheless remain in full

5   force and effect.

6

7   __SIGNATORIES BIND PARTIES:__

8      14.  Signatories on the behalf of the parties represent

9   that they are authorized to bind the parties to this Consent

10  Decree and Order.

11

12

13  Dated: _____, 2005

14                                     _____
                                       ELBERT MADISON

15

16  Dated: _____, 2005

17                                     _____
                                       ACAPULCO RESTAURANTS, INC.

18

19  Dated: _28 JUNE_, 2005

20

21                                     _____
                                       AAC BONDING IV, LLC

22  Dated: _____, 2005

23

24                                     _____
                                       THE MANUFACTURER'S LIFE INSURANCE
                                       COMPANY

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR. SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order;
Case No. C04-2440 PVT                    - 7 -

1    <u>SEVERABILITY</u>:

2        13.  If any term of this Consent Decree and Order is

3    determined by any court to be unenforceable, the other terms of

4    this Consent Decree and Order shall nonetheless remain in full

5    force and effect.

6

7    <u>SIGNATORIES BIND PARTIES</u>:

8        14.  Signatories on the behalf of the parties represent

9    that they are authorized to bind the parties to this Consent

10   Decree and Order.

11

12

13   Dated: _____, 2005

14                     ELBERT MADISON

15

16   Dated: _____, 2005

17

18                     ACAPULCO RESTAURANTS, INC.

19   Dated: _____, 2005

20

21                     AAC FUNDING IV, LLC

22   Dated: _Aug. 17_, 2005

23

24                     THE MANUFACTURER'S LIFE INSURANCE
                         COMPANY

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-2440 PVT                 - 7 -

1

2   **SIGNATORIES BIND PARTIES:**

3         14.   Signatories on the behalf of the parties represent

4   that they are authorized to bind the parties to this Consent

5   Decree and Order.

6

7

8   Dated: June __, 2005

9                                    ELBERT MADISON
                                     _____

10

11  Dated: June __, 2005

12                                   _____
                                     ACAPULCO RESTAURANTS, INC.
13                                        CFO

14  Dated: June __, 2005

15

16                                   _____
                                     AAC FUNDING IV, LLC
17  Dated: June __, 2005

18                                   _____
                                     THE MANUFACTURER'S LIFE INSURANCE
19                                   COMPANY

20

21  **APPROVED AS TO FORM:**
                       August
22  Dated: ~~June~~ 17, 2005           PAUL L. REIN
                                       PATRICIA BARBOSA
23                                     JULIE MCLEAN
                                       LAW OFFICES OF PAUL L. REIN
24

25                                   Julie McLean
                                     _____
26                                   Attorneys for Plaintiff
                                     ELBERT MADISON
27  ///

28  ///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-2440 PVT                      — 7 —

1   ///

2   Dated: June __ 2005          KELLY F. CANBY
                                 ROBERTS, RASPE & BLANTON, LLP
3

4

5                                Attorneys for Defendants
                                 ACAPULCO RESTAURANTS, INC.; AAC
6                                FUNDING IV, LLC; THE
                                 MANUFACTURERS LIFE INSURANCE
7                                COMPANY

8

9

10                              __ORDER__

11       Pursuant to stipulation, and for good cause shown, IT

12   **IS SO ORDERED.**

13

14   Dated:    _10/3/05_
                                 HON. PATRICIA V. TRUMBULL
15                               UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-2440 PVT                    - 8 -

**Attachment A to Consent Decree and Order**
**ELBERT MADISON v. ACAPULCO RESTAURANTS, INC., et al.**
**CASE NO. C04-2440 PVT**
**Page 1 of 2**

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the First Amended Complaint filed on January 12, 2005 in the United States District Court, Northern District, entitled <u>ELBERT MADISON v. ACAPULCO RESTAURANTS, INC.; AAC FUNDING IV, LLC; MANUFACTURERS LIFE INSURANCE CO USA</u>; Case No. C04-2440 PVT.

The parties agree that the corrective work described in this Attachment A, will be performed in compliance with the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order. Included with Attachment A is a set of conceptual drawings prepared by plaintiff's consultants for acceptable barrier removal solutions. <u>Defendants may deviate from plaintiff's suggested conceptual drawings if they provide equivalent disabled access that complies with ADAAG and California Title 24 building standards.</u>

1. **Parking:** Defendants will provide two (2) fully compliant disabled accessible parking spaces as close as practicable to the accessible entrance, one of which will be configured and designated a van accessible parking space. Signage which complies with Title 24 and ADAAG standards will be installed, and an accessible path of travel will be provided and marked from each of the accessible parking spaces to the accessible entrance to the Restaurant. (See, for example, Drawing #1)

2. **Path of Travel from Public Right-of-Way:** Defendants will provide an accessible path of travel from the public sidewalk to the accessible entrance of the Restaurant by marking a path of travel from the public sidewalk to the accessible route.

3. **Accessible Entrance:** Defendants will provide an accessible and code-compliant public entrance to the Restaurant in one of the following ways: (1) remodel the existing public entrance so that it is accessible and compliant with applicable provisions of ADAAG and Title 24 Building Standards; or (2) according to either the conceptual drawings prepared by plaintiff's consultant and attached hereto as Group Exhibit 1; or (3) by means of a ramp, lift or elevator that provides an equivalent accessible entrance. The accessible entrance will remain unlocked during business hours and have directional signage and provide for telephone connection to the hostess for assistance if needed. If applicable, directional signage will also be installed at the beginning of the inaccessible entrance directing disabled persons to the accessible entrance. Employees will be trained as to the location and use of the accessible entrance and provide assistance as needed to disabled persons. (See, for example, Drawings #2 and 3)

Attachment A to Consent Decree and Order
**ELBERT MADISON v. ACAPULCO RESTAURANTS, INC., et al.**
**CASE NO. C04-2440 PVT**
**Page 2 of 2**

**4. Restrooms:** Defendants will provide accessible restrooms in one of the following ways: (1) remodel the existing customer restrooms to be compliant with applicable provisions of ADAAG and California Title 24 Building Standards; or (2) provide one unisex accessible restroom by renovating an employee restroom consistent with the conceptual drawings prepared by plaintiff's consultant and attached hereto; or (3) install an equivalent code compliant unisex accessible restroom elsewhere in the Restaurant. If applicable, directional signage will be provided at the entrance of the inaccessible restrooms directing disabled persons to the unisex accessible restroom. Signage in compliance with the ADA and California Title 24 will be installed on the door(s) of the accessible restroom(s). (See, for example, Drawings # 4 and 5)

**5. Interior Path of Travel Between Entrance/Bar and Lower Dining Area:**
Defendants will provide a ramp or lift to connect the upper and lower dining/bar areas within the Restaurant consistent with the conceptual drawings prepared by plaintiff's consultant and attached hereto, or by installing an equivalent code compliant ramp or lift elsewhere in the Restaurant that allows for an accessible path of travel between the lower dining area and the upper Bar area. (See, for example, Drawing # 6)

**6. Maintenance of Accessible Features:** Defendants will maintain their accessible facilities in working order, including ramps, lifts, telephone and accessible restroom for ready use by disabled persons, except when out of service for maintenance.

**7. Timing:** Defendants will submit building applications to the appropriate public entities, for such work as requires building permits within 90 days, with construction to begin within 30 days of obtaining permit approval, and completed within 6 months of obtaining approval. In the event that defendants are unable to comply with the deadlines for submitting permits or completion of construction, defendants will notify plaintiff's counsel in writing within 14 days of defendant's inability to comply with the terms of this Consent Decree and Order. Plaintiff agrees not to file a motion to compel within 30 days of such notice to permit the parties to negotiate resolution of the missed deadlines.

Drawing  # 1



Acapulco Restaurant
Santa Clara, CA
Proposed Ramp and Accessible Parking Spaces at Parking Area



Drawing # 2

Acapulco Restaurant
Santa Clara, CA
Existing Ramp at South Elevation (Kitchen / Dining)



Drawing # 3

Acapulco Restaurant
Santa Clara, CA
Existing Ramp at South Elevation (Kitchen / Dining)

Drawing # 4



Acapulco Restaurant
Santa Clara, CA
Proposed Accessible Restroom at Locker Rooms

Drawing # 5



Acapulco Restaurant
Santa Clara, CA
Existing Restroms at Locker Rooms

Drawing # 6



Dining 2A

Dining 2

Bar

Acapulco Restaurant
Santa Clara, CA
Proposed Interior Ramp at Dining Room 2A